UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                                 Case No: 2:16-cv-179-FtM-38CM

ERIC D. HOWELL,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Final Request to Extend Mediation Deadline (Doc. 37) filed on May 1, 2017. Defendant seeks to extend the mediation deadline of April 28, 2017 to June 14, 2017 because Defendant recently received his expert's report. Doc. 37 at 1-2. Plaintiff opposes the requested relief. Doc. 38.

On March 7, 2016, Plaintiff filed a Complaint against Defendant on the ground that Defendant violated Title III of the Americans with Disabilities Act ("ADA"). Doc. 1 ¶ 4. Plaintiff alleges that she is an individual with disabilities within the definition of the ADA. *Id.* ¶ 1. Defendant owns and leases a place of public accommodation known as Indian Creek Plaza in Lee County, Florida. *Id.* ¶ 2. Plaintiff argues that the subject property's facilities do not comply with the ADA because they are not readily accessible and usable by disabled people. *Id.* ¶ 7. Defendant filed an Answer and Affirmative Defenses on June 27, 2016. Doc. 12.

On August 23, 2016, United States District Judge Sheri Polster Chappell entered an ADA Scheduling Order ("Scheduling Order"), directing Plaintiff to answer the Court's interrogatories by September 22, 2016, Defendant to serve a written response by October 22, 2016, and the parties to mediate by November 21, 2016 and to jointly file a status report by December 5, 2016. Doc. 19 at 2. Judge Chappell ordered that if the parties do not settle, they must file immediately a Case Management Report. *Id.* at 3. Despite directives in the Scheduling Order, the parties did not file a joint status report on or before December 5, 2016.

On December 6, 2016, Judge Chappell directed the parties to file a joint status report or to show cause in writing why they had not complied with the Scheduling Order. Doc. 30. On December 8, 2016, Plaintiff moved to extend the mediation deadline to February 15, 2017, alleging that the parties selected a mediator and expected to complete mediation no later than February 15, 2017. Doc. 31 at 2. Judge Chappell granted Plaintiff's request to extend the mediation deadline and directed the parties to file a joint status report on or before February 22, 2017. On February 10, 2017, Defendant requested to further extend the mediation deadline because Defendant recently had obtained an ADA expert to inspect Defendant's property and needed time to analyze the expert's report before mediation. Doc. 33. Judge Chappell granted the second request for extension and extended the mediation deadline to March 28, 2017. Doc. 34.

On March 23, 2013, Defendant requested a third extension of the mediation deadline because Defendant's ADA expert was not able to complete the report, and

Defendant needed the report to effectively mediate this case. Doc. 35. Defendant also noted that the parties selected a mediator, and that Defendant expected to analyze his expert's report and complete mediation by April 28, 2017. *Id.* at 2. Defendant stated that he "will request no further extension." *Id.* On April 7, 2017, the Court granted the requested extension and extended the mediation deadline to April 28, 2017. Doc. 36. The Court also noted that it "will not be inclined to grant additional extensions of the mediation deadline beyond that provided by this Order absent extenuating circumstances." *Id.* at 2.

After the mediation deadline was extended three times, on May 1, 2017, Defendant requested a fourth extension of the mediation deadline because his ADA expert experienced medical issues and did not produce a report until April 8, 2017. Doc. 37 at 1-2. Defendant alleged that his expert's belated production of the report did not provide sufficient time between Defendant's receipt of the report and the mediation deadline of April 28, 2017. *Id.* at 2. Defendant filed his motion three days after the mediation deadline expired. *Id.*

Plaintiff opposes the requested relief because Defendant received the expert report three weeks prior to the mediation deadline. Doc. 38 at 2. Yet, Plaintiff asserts that Defendant does not explain why mediation could not have been scheduled during that period of three weeks. *Id.* Plaintiff also claims that Defendant waited until February 10, 2017 to obtain an expert, although Defendant received Plaintiff's expert report on September 19, 2016. *Id.* at 3. As a result,

Plaintiff argues that Defendant does not show extenuating circumstances warranting another extension of the mediation deadline. *Id.* at 4.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The standards for modification of deadlines are set forth in Rules 6 and 16 of the Federal Rules of Civil Procedure. Rule 6 requires a showing of excusable neglect when, as here, a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009). "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, Defendant does not show good cause or excusable neglect. *Estate of Miller*, 609 F. Supp. 2d at 1252. Although Defendant filed the present motion three days after the mediation deadline expired, Defendant does not explain why he could not have filed his motion within the Court-ordered deadline. Doc. 37. Furthermore, as Plaintiff argues, Defendant received his expert's report three weeks prior to the mediation deadline. *Id.* at 1. Because the mediation deadline already was extended three times, and Defendant had three weeks to examine the exert

report, the Court does not find good cause for extension and will not extend the mediation deadline.   Docs. 32, 34, 36, 37.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Final Request to Extend Mediation Deadline (Doc. 37) is **DENIED**.

2. The parties shall have up to and including **May 12, 2017** to file a Case Management Report pursuant to the ADA Scheduling Order (Doc. 19).

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record