UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                        Case No: 2:16-cv-179-FtM-CM

ERIC D. HOWELL,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Request to Extend Mediation Deadline to July 31, 2017 (Doc. 55) filed on July 14, 2017. Defendant seeks to extend the mediation deadline of July 14, 2017 to July 31, 2017 because the parties decided to mediate on July 31, 2017, approximately two weeks after the mediation deadline. Doc. 55 at 1. Plaintiff agrees to the requested relief. *Id.* at 2.

On March 7, 2016, Plaintiff filed a Complaint against Defendant on the ground that Defendant violated Title III of the Americans with Disabilities Act ("ADA"). Doc. 1 ¶ 4. The parties consented to proceed before the undersigned. Doc. 47. Accordingly, the undersigned entered a Case Management and Scheduling Order ("CMSO") on May 24, 2017, setting the deadlines to disclose expert reports for Plaintiff to June 1, 2017 and for Defendant to June 30, 2017, the mediation deadline to July 14, 2017, the discovery deadline to August 30, 2017, the deadline for

dispositive motions to September 29, 2017, and a trial date of January 8, 2018.  Doc. 48 at 1-2.

The parties here have demonstrated their lack of diligence in complying with the Court-ordered deadlines by filing a flurry of motions for extension or not timely responding to the Court's Orders.  As evidenced by the detailed discussion in the prior Order, the parties failed to mediate within the Court-designated deadlines four times, leading United States District Judge Sheri Polster Chappell to issue an Order to Show Cause (Doc. 30) on December 6, 2016 and the undersigned to enter three Orders with cautions (Docs. 36, 39, 45).  Docs. 31, 33, 35, 37, 45 at 1-3.  The parties not timely complying with the Court-ordered deadlines also resulted in three extensions of the mediation deadline, which extended the mediation deadline for five months.  Doc. 45 at 4.

Specifically, Defendant filed two motions for extension, which contained certain assertions later proven to be false, such as that "Defendant will request no further extension [of the mediation deadline,]"[1] and "Defendant knows that it can complete mediation by June 14, 2017."  Docs. 35 at 2; 37 at 2.  Given the pattern of the parties' behavior, the Court duly issued an Order on May 17, 2017 before entering the CMSO, "recommend[ing] strongly that the parties mediate at their earliest convenience."  Doc. 45 at 4.  Furthermore, despite Defendant's assertion that he could mediate by June 14, 2017, the Court allowed additional time for mediation to

---

[1] After making this statement, Defendant filed another motion to extend the mediation deadline on May 1, 2017.  Doc. 37.

help the parties avoid scheduling conflicts and mediate promptly by setting the mediation deadline to July 14, 2017.  *Id.* at 4-5.

Yet again, Defendant filed the present motion, seeking a fifth extension of the mediation deadline.  Doc. 55.  Defendant does not explain why the parties could not have scheduled mediation within the CMSO deadline, although Defendant assured the Court that he could mediate before June 14, 2017.  Docs. 37 at 2, 55.  Based on Defendant's representation that the parties will mediate on July 31, 2017, the Court will grant this **FINAL** extension.  Doc. 55.

Because of the parties' repeated delay in mediating, however, the Court will not grant additional extensions of the mediation deadline beyond that provided by this Order absent extenuating circumstances.  Furthermore, the Court reminds the parties that under Rule 16(f) of the Federal Rules of Civil Procedure, the Court has discretion to sanction a party who fails to obey a scheduling order.  Fed. R. Civ. P. 16(f).  Should a party seek another extension of the mediation deadline, the moving party must first show cause in writing why the Court should not impose sanctions for the parties' repeated pattern of not complying with the Court's scheduling orders.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Request to Extend Mediation Deadline to July 31, 2017 (Doc. 55) is **GRANTED**.

2. The parties shall have up to and including July 31, 2017 to mediate.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of July, 2017.

- 4 -

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record